Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

WESLEY H. H. CHING        2896
SHEREE KON-HERRERA        6927
841 Bishop Street, Suite 1200
Honolulu, Hawai'i 96813
Telephone:  (808) 533-4300
Facsimile:  (808) 531-7585

Attorneys for Plaintiff
PRAETORIAN INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PRAETORIAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>THE ESTATE OF JOSHUA K. APO and KIHEI RENT A CAR, INC. dba KIHEI RENT A CAR,<br><br>  Defendants. | CIVIL NO. CV 18-00373 JMS-KJM<br>(Declaratory Judgment)<br><br>PROPOSED FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF PRAETORIAN INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANT THE ESTATE OF JOSHUA K. APO<br><br><u>Hearing</u><br>Date:  July 18, 2019<br>Time: 10:00 am<br>Judge: Magistrate Judge Kenneth J. Mansfield |

**PROPOSED FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF PRAETORIAN INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANT THE ESTATE OF JOSHUA K. APO**

Before this Court is Plaintiff PRAETORIAN INSURANCE COMPANY'S ("Praetorian") Motion for Default Judgment or, in the Alternative, for Summary Judgment Against Defendant THE ESTATE OF JOSHUA K. APO ("Estate"). Said Motion came on for hearing before Magistrate Judge Kenneth J. Mansfield on July 18, 2019 at 10:00 a.m., with Sheree Kon-Herrera appearing on behalf of Plaintiff Praetorian and Ward Jones appearing on behalf of Defendant KIHEI RENT A CAR, INC. dba KIHEI RENT A CAR ("Kihei"). Upon calling the case, Defendant Estate did not appear nor did any counsel appear on the Estate's behalf. Upon careful consideration of the Motion, the supporting memoranda, and the arguments of counsel and taking judicial notice of no appearance or communication from the Estate, the Court hereby finds and recommends that Praetorian's Motion be GRANTED.

**I.   BACKGROUND**

The instant declaratory judgment action was brought by Praetorian for a judicial determination as to its defense and indemnity obligations, if any, to the Estate under the Praetorian Policy issued to Kihei for the claims in the civil action *Cathlene Egbert and Jennifer Williams, Individually and as Co-Special Administrators of The Estate of Melissa M. Egbert, deceased, Corinne Weitzel and*

*Rebecca Reither v. The Estate of Joshua Apo; Maui Police Department, County of Maui; Kawika Ornellas; James Burkett; Terence Gomez; et al.*, Civil No. 17-1-0240(2) (Motor Vehicle Tort) in the Circuit Court of the Second Circuit, State of Hawaii (the "Underlying Lawsuit"). *See* ECF No. 1-1.

### A. The Underlying Lawsuit

On May 24, 2018, Plaintiffs Cathlene Egbert and Jennifer Williams, Individually and as Co-Special Administrators of The Estate of Melissa M. Egbert, deceased, Corinne Weitzel, and Rebecca Reither (collectively, "Egbert Plaintiffs") filed a First Amended Complaint against the Estate, Maui Police Department ("MPD"), and three MPD officers in the Underlying Lawsuit. *See* ECF No. 26-5, First Amended Complaint.

The First Amended Complaint asserts an action for damages against Defendants "for conduct that led to the October 29, 2016 motor vehicle collision on the Island of Maui, State of Hawaii, resulting in the death of MELISSA M. EGBERT." *Id.* at ¶1. The basis for the claim against the Estate includes the following pertinent allegations.

On or about October 29, 2016, MPD received a call complaining about an individual who appeared to be asleep in a silver 2011 Nissan Sentra that was partially parked on the driveway in front of the caller's residence. *Id.* at ¶22; *see also* Exhibits A and F to First Amended Complaint (dispatch transcript

identifying LBZ-805). The person asleep in the vehicle was later identified as Joshua Apo. *Id.* at ¶28.

After the MPD officers woke Mr. Apo, he reversed the Nissan Sentra and collided into a MPD vehicle. *Id.* at ¶¶30, 35. After fleeing the residence, Joshua Apo led MPD officers on a high-speed pursuit. *Id.* at ¶¶44-76 (describing the high-speed pursuit lasting more than 4 minutes and covering approximately 5 miles). During the pursuit, Joshua Apo crossed a grassy median and turned left onto Kuihelani Highway, such that he was driving the Nissan Sentra in the wrong direction on the opposing side of traffic. *Id.* at ¶¶55-56. As Joshua Apo reached the vehicle driven by Melissa Egbert, the Nissan Sentra was traveling approximately 90 mph in the wrong direction of Kuihelani Highway. *Id.* at ¶¶61-69. The speed of the Nissan Sentra being driven by Joshua Apo at the time of impact was calculated at 93 mph. *Id.* at ¶69.

As the basis for a Negligence claim against the Estate, the First Amended Complaint alleges the following:

> 98. On or about October 29, 2016 at approximately 3:49 PM, Melissa was driving south in her 2011 Scion two-door sedan in the southbound lane of the Kuihelani Highway when she was suddenly struck head-on by the Apo Nissan, which was fleeing the police ("collision").
>
> 99. At the time of the collision, the Apo Nissan was travelling north in the southbound lane of the Kuihelani Highway at a high rate of speed, far in excess of the posted speed limit, while being pursued by multiple MPD vehicles.

4

> 100. At the time of the collision, Mr. Apo was operating the Apo Nissan at an excessive rate of speed, in a reckless manner, and was under the influence of illegal drugs.
>
> 101. As a result of the collision, Melissa and Mr. Apo both passed away due to their injuries.

*Id.* at ¶¶98-101.

### B. Rental Agreement

On or about October 9, 2016, JONATHAN MANIBOG ("Manibog") rented a 2011 Nissan Sentra, License Plate #LBZ805 from Kihei Rent A Car. *See* ECF No. 26-3 at Exhibit 1, Rental Agreement, and ECF No. 26-4 at Nos. 1 and 2. The Rental Agreement was for two days from October 9, 2016 to October 11, 2016. *Id.* The Rental Agreement lists the word "None" under the section for "Additional Drivers." *See* ECF No. 26-3 at Exhibit 1. The Rental Agreement signed by Manibog provided as follows –

> **I AGREE TO BE BOUND BY THE TERMS AND CONDITIONS OF THIS RENTAL AGREEMENT AND TO RETURN VEHICLE TO KIHEI RENT A CAR ON OR BEFORE THE SPECIFIED DUE BACK DATE SHOWN ABOVE. I FULLY UNDERSTAND THAT IT IS A MISDEMEANOR FOR FAILURE TO RETURN VEHICLE OR NOT NOTIFYING KIHEI RENT A CAR OF A DESIRE TO EXTEND RENTAL.**

*Id.* The terms and conditions on the reverse side of the Rental Agreement included but were not limited to the following –

> 2. The following restrictions are cumulative and each shall apply to every use, operation or driving of vehicle. **Under no circumstances shall vehicle be used, operated or driven by any other person;**
> (a) For transportation of persons or property for hire; or
> (b) Under the age of 21; or
> (c) Who does not have a valid driver's license on person; or

5

    (d) **Who has given Kihei Rent A Car a false name, age or address or other fraud or misrepresentation**; or
    (e) **In any race, speed test or contest**; or
    (f) **For any illegal purpose**; or ·
    (g) To propel, push or tow any vehicle or trailer; or
    (h) **While under the influence of intoxicants or narcotics**; or
    (i) Loading vehicle beyond its rated capacity; or
    (j) Where the speedometer of vehicle has been tampered with or disconnected; or
    (k) To carry persons other than in the passenger compartment of vehicle; or
    (l) **Except Renter or Additional Drivers(s) shown on the reverse side hereof**; provided such driver(s) is a qualified licensed driver of at least age 21.

*Id.* (emphasis added).

    6. Vehicle is covered by Liability Insurance Policy, copy of which is available for inspection by Renter at Maui office of Kihei Rent A Car. . . . **The insurance coverage referred to in this paragraph 6 does not apply**;
    (a) . . . .
    (d) **While said vehicle is used, driven or operated in violation of the provisions of Paragraph 2 herein**. . . .

    10. This agreement and the vehicle absolutely cannot be assigned or transferred by Renter.

*Id.* (emphasis added).

On or about October 29, 2016, Manibog had not returned the 2011 Nissan Sentra, License Plate #LBZ805 or reported it stolen to Kihei Rent A Car. *See* ECF No. 26-4 at nos. 6-7. It is undisputed that Kihei Rent a Car did not enter into a rental agreement with Joshua Apo for the subject vehicle. *Id.* at no. 5. It is further undisputed that Joshua Apo was not a renter or an authorized driver or operator of the 2011 Nissan Sentra, License Plate #LBZ805. *Id.* at no. 8. In any

event, on October 29, 2016, Joshua Apo was in possession of the rental car that was involved in the subject accident leading to the Underlying Lawsuit.

    **C.**    **Praetorian Policy**

Praetorian issued Commercial Lines Policy No. TPA10057-05 to Kihei Rent A Car, Inc. dba Kihei Rent A Car for the policy period effective October 1, 2016 to October 1, 2017 ("Policy"). *See* ECF No. 26-2. Pursuant to the **BUSINESS AUTO COVERAGE FORM** –

> **SECTION II - LIABILITY COVERAGE**
> **A. Coverage**
>> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>> . . . .
>
> **B. Exclusions**
> This insurance does not apply to any of the following:
> **1. Expected Or Intended Injury**
>> "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

*Id.* at pp. 37-38.

The terms of the Policy are subject to a number of other policy change endorsements. Pursuant to an **AMENDATORY ENDORSEMENT**, the Policy provided in pertinent part –

> BUSINESS AUTO COVERAGE FORM
>> A.    **Description of Covered Auto Designation Symbols in**
> **SECTION I – COVERED AUTOS** is amended to add the following:
> . . . .
> **Symbol**    **Description of Covered Auto Designation Symbols**
> 10             Owned "autos" held by you for rental on a short term basis

      (less than twelve months) or "autos" used in connection with your business of the short term rental of "autos"

. . . .

**SECTION II – LIABILITY COVERAGE**

**A. COVERAGE**

1. WHO IS AN INSURED. The following replaces the entire provisions of SECTION II – LIABILITY COVERAGE, A. COVERAGE, 1. WHO IS AN INSURED.

   The following are insureds.
   
   a. You are an insured for any covered auto.
   
   b. . . . .
   
   e. An employee but only while acting within the scope of his duties as such;
   
   f. The "rentee" subject to all conditions set forth in this endorsement and any other person authorized by the "rental agreement" held by the rentee.

### SECTION IV - BUSINESS AUTO CONDITIONS

The following replaces **B.** "General Conditions" **5.** "Other Insurance" in the policy conditions:

a. For any covered auto, the insurance provided by this policy is excess over any other collectible insurance whether primary, excess or contingent.

b. The insurance provided by this policy for the "rentee" is subject to the terms, conditions, restrictions and limitations contained in the rental agreement, provided however, that our limit of insurance under the "Liability Coverage" cannot be and is not enlarged or expanded beyond the limit therefore as shown on the endorsement attached to this policy.

### SECTION V – DEFINITIONS

In addition to the "DEFINITIONS" **A.** through **P.** in the Policy, the following DEFINITIONS are included.

Q. "Rentee" means a holder of a "rental agreement" with you which provides for the holder's use of an automobile for a period of less than one year.

R. "Rental Agreement" means the (auto) rental contract between you and the rentee. This agreement states the limit of liability you are providing the rentee. This agreement states that such limit of liability provided for the "rentee" is excess insurance over any other liability insurance coverage available to the "rentee".

> S. "Rental Auto" means an auto you have in your possession for the express purpose of renting to a "rentee" under a rental agreement of less than one year.

*Id.* at pp. 12-14.

Pursuant to a **RENTAL/LEASE AGREEMENT** Endorsement, the Policy repeated the condition that the insurance provided to any rentee is subject to the terms of the rental agreement as follows –

> The insurance provided for any lessee or rentee under this policy is subject to the terms of the lease or rental agreement, including any limit of liability or conditions, restrictions and limitations contained therein. However we will not pay more than the limit of liability shown on the declarations page.

*Id.* at p. 6.

Another **POLICY CHANGES** Endorsement added the following exclusion –

> BUSINESS AUTO COVERAGE FORM
> The following additional exclusions are added:
> Under SECTION II - LIABILITY COVERAGE, part B. EXCLUSIONS:
> 15. VIOLATION OF THE RENTAL AGREEMENT
> Insurance is not provided under this Coverage Form to the "rentee" when a covered "auto" is used in violation of the terms and conditions of the rental agreement under which the "auto" is rented. The operation or use of a covered "auto" by a driver not listed in the rental agreement as an authorized driver is a violation of the terms and conditions of the rental agreement.

*Id.* at pp. 17-18.

## II.   **PROCEDURAL HISTORY OF THE DECLARATORY JUDGMENT LAWSUIT**

On October 1, 2018, Praetorian filed its Complaint for Declaratory Judgment against the Estate and Kihei Rent A Car, Inc. *See* ECF No. 1. On

October 9, 2018, the Complaint with Exhibits 1 and 2, Order Setting Rule 16 Scheduling Conference, and Summons were personally served on Derek T. Kamiya, Esq. on behalf of The Estate of Joshua K. Apo at 500 Ala Moana Boulevard, Five Waterfront, Suite 345, Honolulu, Hawai'i 96813.  *See* ECF No. 10.  Letters of Special Administration appointing Derek T. Kamiya, Esq. as Special Administrator for the Apo Estate had previously been filed on March 5, 2018 in a formal probate proceeding in the Second Circuit of the State of Hawai'i.  *See* ECF No. 23-3.

        Kihei Rent A Car appeared and filed an Answer in this Declaratory Judgment Lawsuit.  *See* ECF No. 12.  However, no answer or appearance has been made on behalf of the Estate.

        Accordingly, on May 30, 2019, Praetorian filed its Request for Entry of Default against the Estate on the basis that the time had expired within which the Estate could have answered, moved, defended or responded to Praetorian's Complaint.  *See* ECF No. 23.  On May 31, 2019, the Clerk filed the Entry of Default as to the Estate, pursuant to Fed. R. Civ. P. 55(a).  *See* ECF No. 24.

        On June 4, 2019, Praetorian filed its Motion for Default Judgment or, in the Alternative, for Summary Judgment Against the Estate of Joshua K. Apo. *See* ECF No. 25.  On June 13, 2019, Kihei Rent A Car filed a Statement of No Position as to Praetorian's Motion.  *See* ECF No. 29.

As a result, no opposition has been filed to Praetorian's Motion for Default Judgment or the requested Declaratory Judgment that, under the Policy, Praetorian has no duty to defend or indemnify the Estate in the Underlying Lawsuit.

### III.  DISCUSSION

Upon careful consideration of the materials submitted by Praetorian, together with the instant Motion, this Court finds that the terms and conditions of the subject Praetorian Policy do not afford coverage for the claims alleged against the Estate in the Underlying Lawsuit.  Accordingly, based on Praetorian's supporting documentation, the Estate's failure to respond to Praetorian's Complaint, the Entry of Default against the Estate, and the appropriateness of default judgment after consideration of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1991), this Court hereby recommends that default judgment against the Estate be GRANTED.

    **A.**    **The Estate Is Not Entitled to Coverage Under the Praetorian Policy, Where Joshua Apo Was Not an Insured Under the Praetorian Policy**

Pursuant to the **BUSINESS AUTO COVERAGE FORM**, the Praetorian Policy provides liability coverage to pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership,

maintenance or use of a covered "auto". *See* ECF No. 26-2 at 37-38. The claims in the Underlying Lawsuit arise out of a motor vehicle accident during the policy period and resulting damages to the decedent Melissa Egbert for "bodily injury." Based on the definition for the Covered Auto Designations Symbol "10," the subject vehicle which was owned by Kihei Rent A Car and rented for a period of less than one year under a written agreement, constitutes a covered "auto" under the Policy.

However, even though the damages alleged in the Underlying Lawsuit were caused by a motor vehicle accident involving the use of a covered auto, it is undisputed that Joshua Apo does <u>not</u> constitute an "insured" under the Praetorian Policy. The Policy defines "insured" as "you" and/or the Named Insured Kihei Rent A Car, as well as the "rentee subject to all conditions set forth in this endorsement and any other person authorized by the 'rental agreement' held by the rentee." *See* ECF No. 26-2 at 12-14. The Policy further defines "Rentee" as "a holder of a 'rental agreement' with you [Kihei Rent A Car] which provides for the holder's use of an automobile for a period of less than one year." *Id.* Therefore the Praetorian Policy is unambiguous that only the Named Insured Kihei Rent A Car, or the "rentee" or "holder of a rental agreement" with Kihei Rent A Car qualifies as an "insured."

Based on these definitions, the Court finds that Joshua Apo does not qualify as a "rentee" or "insured," because he was not the holder of the rental agreement and because no additional drivers were listed and/or authorized on the Rental Agreement. Further, based on the undisputed fact that Joshua Apo does not fall within the express language of an "insured," the Court finds that the Praetorian Policy affords no coverage to Joshua Apo (or the Estate of Joshua Apo) for the claims in the Underlying Lawsuit.

### B. The Estate Also Is Not Entitled to Coverage Under the Praetorian Policy Where Liability Coverage Is Excluded for Use In Violation of the Rental Agreement

The Endorsements and exclusions in the Praetorian Policy also preclude liability coverage to the Estate. First, the **AMENDATORY ENDORSEMENT** of the Praetorian Policy requires that in order for a rentee to be an "insured," the insurance provided for the "rentee" is "subject to the terms, conditions, restrictions and limitations contained in the rental agreement." *See* ECF No. 26-2 at 12-14. This condition is consistently reinforced in other parts of the Policy, such as the **RENTAL/LEASE AGREEMENT** Endorsement, which states that the insurance provided "for any rentee under this policy is subject to the terms of the lease or rental agreement, including any limit of liability or conditions, restrictions and limitations contained therein." *Id.* at 6.

Second, the **POLICY CHANGES** Endorsement adds an exclusion 15, for VIOLATION OF THE RENTAL AGREEMENT, excluding coverage to the "rentee" when a covered "auto" is used in violation of the terms and conditions of the rental agreement. *Id.* at 17-18. Violation specifically includes the "operation or use of a covered 'auto' by a driver not listed in the rental agreement as an authorized driver." *Id.*

Third, the undisputed facts establish that the operation and use of the subject rental vehicle by Joshua Apo violated the terms, conditions, restrictions and limitations of the Rental Agreement on various possible bases. The Rental Agreement prohibited the vehicle from being used, operated or driven by any other person in any race, speed test or contest and prohibited the vehicle from being used for any illegal purpose. *See* ECF No. 26-3 at Exhibit 1. The Rental Agreement prohibited the vehicle from being used by any other person while under the influence of intoxicants or narcotics. *Id.* However, based on the allegations in the First Amended Complaint, Joshua Apo was driving the subject vehicle in the wrong direction on the highway "at a high rate of speed, far in excess of the posted speed limit, while being pursued by multiple MPD vehicles" and in a reckless manner while "under the influence of illegal drugs." *See* ECF No. 26-5 at ¶¶99-100.

In light of the applicability of this exclusion, the Court thus finds that no coverage is afforded to the Estate where all claims in the Underlying Lawsuit arise out of use by Joshua Apo of the subject vehicle in violation of the terms and conditions of the Rental Agreement.

### C. Default Judgment Is Appropriate

This Court finds and recommends that the Praetorian's Motion be granted and that default judgment be entered against the Estate and in favor of Praetorian.

Pursuant to Fed. R. Civ. P. 55(b), default judgment may be entered when the court, exercising its discretion, determines that default judgment is appropriate in a particular case. The court may consider the following factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Applying the above factors to the present case, the record shows that no answer or appearance has been made on behalf of the Estate notwithstanding proper service of the Complaint, Entry of Default, and the Motion for Default Judgment in this case. First, without default judgment, Praetorian would suffer

prejudice, since it would be without recourse for a judicial determination on whether or not there is coverage under its Policy for the Estate.  Second, the merits of Praetorian's substantive claim is supported by the undisputed facts and weighs in favor of default judgment.  Third, Praetorian's Complaint for Declaratory Judgment sufficiently lays out the substantive basis for the declaratory relief sought.  Fourth, because Praetorian seeks only declaratory relief, Praetorian is not seeking any monetary damages from the Estate or Kihei Rent A Car.  Fifth, there is little possibility of a dispute concerning material facts, where the allegations in the Underlying Lawsuit's First Amended Complaint are taken as true for purposes of this motion.  Sixth, several months have passed since Praetorian filed its Complaint for Declaratory Judgment, and no attempt has been made on behalf of the Estate to appear, plead, or otherwise defend this declaratory judgment lawsuit.  As a result, there is no evidence that the Estate's default results from excusable neglect, but instead that this factor weighs in favor of default judgment.  Finally, any further proceedings in this matter would be futile and a waste of resources, such that the judicial policy favoring a decision on the merits is not abrogated by the entry of default judgment against the Estate in this case.

## IV. **CONCLUSION**

    For the foregoing reasons, this Court FINDS and RECOMMENDS that Plaintiff Praetorian Insurance Company's Motion for Default Judgment be

GRANTED as to Defendant The Estate of Joshua K. Apo, and that the alternate relief for summary judgment be DENIED as moot.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 6, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

*Praetorian Insurance Company v. The Estate of Joshua K. Apo and Kihei Rent A Car, Inc. dba Kihei Rent A Car*, CV 18-00373 JMS-KJM (Declaratory Judgment); PROPOSED FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF PRAETORIAN INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANT THE ESTATE OF JOSHUA K. APO